UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

Justine Sims, *individually and on*                06-CV-5991(CPS)(JMA)
*behalf of all others similarly*
*situated,*

                                Plaintiff,

            - against -

Bank of America Corporation, Mel S.                MEMORANDUM OPINION &
Harris & Associates, LLC, Hon. Judith              ORDER
S. Kaye, *as Chief Judicial Officer of*
*the State of New York*, and Hon.
Jonathan Lippman, *as Chief*
*Administrative Judge of the Courts of*
*the State of New York,*

                                Defendants.

------------------------------------X

SIFTON, Senior Judge.

        Plaintiff Justine Sims commenced this class action complaint

on behalf of herself and similarly situated individuals whose

bank accounts containing only legally exempt electronically

deposited Supplemental Security Income ("SSI") benefits had been

or will be restrained pursuant to New York Civil Practice Law and

Rules § 5222.  The complaint names the following defendants:

Bank of America Corporation; Mel S. Harris & Associates, LLC;

Honorable Judith S. Kaye, as Chief Judicial Officer of the State

of New York; Honorable Jonathan Lippman, as Chief Administrative

Judge of the Courts of the State of New York; and Diana L.

Taylor, as New York State Superintendent of Banks (collectively

"Defendants").  Plaintiff seeks a declaratory judgement stating

that restraining these accounts pursuant to N.Y. C.P.L.R. § 5222

violates (1) 42 U.S.C. § 1383(d)(1); (2) the Due Process Clause of the Fourteenth Amendment to the United States Constitution, U.S. Const. amend. XIV; (3) the Supremacy Clause of the United States Constitution, U.S. Const. art. VI; and (4) the Due Process Clause of the New York State Constitution, N.Y. Const. art. I, § 6, in so far as it requires banks to restrain judgment debtors' bank accounts that contain only electronically deposited legally exempt SSI benefits.  Plaintiff also seeks an order enjoining all Defendants from issuing restraining notices and implementing or enforcing N.Y. C.P.L.R. § 5222 unless it is changed to ensure that bank accounts containing only electronically deposited legally exempt SSI monies are not restrained.  Presently before the Court is Plaintiff's motion for certification of a class, along with the parties' joint proposed "Stipulation and Order Settling Class Action Certification Motion."  For the reasons set forth below, the motion is granted, and the proposed class, as redefined in this opinion, is certified.  In addition, plaintiff's counsel is certified as class counsel.

## BACKGROUND

The following facts are taken from the parties' submissions in connection with this motion.  For purpose of this motion, they are not disputed.

*Plaintiff Justine Sims*

Ms. Sims is a 64 year old woman with a degenerative spinal

disease which prevents her for standing for more than five minutes at a time. (Compl. ¶ 57.) Medicaid pays for a home attendant to help Ms. Sims with her daily activities. (*Id.*) Since 1995, plaintiff has received SSI benefits. (*Id.* ¶ 58.) At the time of the complaint, she was receiving SSI benefits in the amount of $690 per month in addition to $119 per month in food stamps. (*Id.*) These were the only sources of income for Ms. Sims. (*Id.*) Plaintiff's SSI benefits were electronically deposited into her savings account at Bank of America on or around the first day of each month by the Social Security Administration ("SSA"). (*Id.* ¶¶ 60, 61.) She has no assets or cash other than the SSI monies she receives each month, and these monies are the only deposits to plaintiff's bank account. (*Id.* ¶¶ 58, 62.)

On November 1, 2006, the SSA deposited plaintiff's SSI monies for the month of November into her account at Bank of America. (*Id.* ¶ 81.) On November 1, 2006, the date when her SSI benefits should have been electronically deposited, Ms. Sims tried to withdraw money from her Bank of America bank account via an ATM, but could not. (*Id.* ¶ 63.) Ms. Sims contacted Bank of America that day to see why she could not withdraw any money. The representative at Bank of America told her that her bank account was frozen because she owed money to Sears which had filed a lien restraining release of money from the account. (*Id.*

¶ 64.) Plaintiff Sims alleges that at the time Bank of America froze her account, it "knew or should have known that Ms. Sims's bank account contained only electronically deposited exempt SSI benefits," because the SSI deposits have a code embedded, "SUPP SEC," which informs the bank that the monies being deposited are, in fact, SSI monies. (*Id*. ¶¶ 51-53, 80.) The representative also told plaintiff that Sears had retained defendant Mel Harris & Associates, LLC, as its counsel to collect the debt. (*Id*.) Ms. Simms then contacted defendant Harris's office to inquire as to why her bank account was frozen. (*Id*. ¶ 65.) Plaintiff was then informed that defendant Harris put a lien on her account because she hadn't paid her Sears bill. (*Id*. ¶ 65.)

On November 8, 2006, Ms. Sims commenced the present action. Thereafter, plaintiff filed a voluntarily stipulation dismissing all claims against Defendant Taylor. Notices of Appearance were filed on behalf of all defendants except Defendant Mel S. Harris & Associates, LLC. Counsel for Defendant Mel S. Harris & Associates, LLC, did, however, appear before the magistrate judge on two occasions. Defendants Bank of America Corporation, Honorable Judith S. Kaye and Honorable Jonathan Lippman requested numerous enlargements of time to respond to the complaint, all of which were granted, and the last of which expired on June 19, 2007. Since the argument of this motion, answers have been filed by all defendants. Thereafter, on November 13, 2007,

defendants and plaintiff jointly submitted a proposed
"Stipulation and Order Settling Class Action Certification
Motion."

*Statutory and Regulatory History*

    *Social Security*

    The Social Security Administration ("SSA") administers the
SSI program, 42 U.S.C. § 1381 *et seq.*, which provides benefits to
indigent persons who are aged, blind or disabled.  (Compl. ¶ 18.)
42 U.S.C. § 1383(d)(1) was enacted to ensure that SSI benefits
are available to meet the basic needs of the plan's
beneficiaries.  (Compl. ¶ 20.)  § 1383(d)(1) incorporates 42
U.S.C. § 407 which states that, "none of the monies paid or
payable under this subchapter [42 U.S.C. § 401 *et seq.*] shall be
subject to execution, levy, attachments, garnishment or other
legal process or to the operation of any bankruptcy or insolvency
law."  42 U.S.C. § 407(a).  SSI benefit recipients were required
to receive their payments electronically beginning January 2,
1999.  31 C.F.R. § 208.3.

    *N.Y. C.P.L.R. § 5222*

    N.Y. C.P.L.R. § 5222 allows a judgment creditor to enforce a
money judgment by freezing up to twice the amount of the judgment
in a bank account of the judgment debtor.  The judgment
creditor's attorney, acting as an officer of the court, is
authorized to serve a restraining notice on a bank or any other

entity holding the judgment debtor's funds. N.Y. C.P.L.R. §
5222(a). Since 2000, judgment creditors' attorneys have been
able to electronically serve restraining notices on banks,
provided notice is also properly given to the judgment debtor.
N.Y. C.P.L.R. § 5222(g). While the restraint is in effect, no
checks can be cashed or cleared against the restrained account,
nor can funds be withdrawn. N.Y. C.P.L.R. § 5222. A judgment
creditor's who fails to restrain or otherwise prevent transfer of
the funds in the frozen account can be held in contempt of court.
N.Y. C.P.L.R. §§ 5222(a), 5251. The judgment debtor's account
remains frozen until the judgment debtor agrees to pay, the
judgment creditor engages a marshal or sheriff to seize the
debtor's funds or the judgment creditor agrees to release the
money. N.Y. C.P.L.R. § 5222(b). Within four days of serving the
notice of restraint on a bank, the judgment creditor must mail or
personally deliver a copy of the notice of restraint in addition
to a "notice to judgment debtor" to the judgment debtor. N.Y.
C.P.L.R. § 5222(d). The "notice to judgment debtor" gives notice
to the judgment debtor that the funds have been frozen and that
certain property, including SSI benefits, are exempt from
collection. N.Y. C.P.L.R. §§ 5222(d), (e). The "notice to
judgment debtor" states that:

> [m]oney or property belonging to you may have been
> taken or held in order to satisfy a judgment or order
> that has been entered against you...you may be able to
> get your money back. State and federal laws prevent

certain money or property from being taken to satisfy judgments or orders.  Such money is said to be "exempt".  The following is a partial list of money which may be exempt: 1.  Supplemental security income, (SSI)....  If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order.  If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

N.Y. C.P.L.R. § 5222(e).  In order to get a restraint on an account lifted, a judgment debtor either must commence a special proceeding or file a notice of motion with the court.  N.Y. C.P.L.R. §§ 5239, 5240.

*The Settlement Class*

Approximately 633,473 residents of New York State received SSI benefits in 2005, and approximately 640,598 residents received SSI benefits in 2006.  Social Security Administration, "SSI Recipients by State and County, 2005," New York, Table 3, released June, 2006, *available at* http://www.ssa.gov/policy/docs/statcomps/ssi_sc/2005/ny.pdf; Social Security Administration, "SSI Recipients by State and County, 2006," New York, Table 3, released May, 2007, *available at* http://www.ssa.gov/policy/docs/statcomps/ssi_sc/2006/ny.pdf. As of October, 2007, 227,100 SSI recipients in New York State were still receiving SSI checks each month, while approximately 406,373 recipients received their SSI monies by electronic deposit.  Social Security Administration, "Monthly Social

Security and SSI Payments by State," *available at*
http://www.godirect.org/media/research.cfm (follow "Click here to
see a complete breakdown of payment statistics for each state"
hyperlink).  In 2006, the maximum amount of SSI monies a
recipient could receive was $690 per month.  (Compl. ¶ 48.)

*Defendant Bank of America Corporation*

As of June 30, 2006, Bank of America held 3.81% of the
deposit market share in New York State, while as of June 30,
2007, it held 4.58% of the deposit market share in New York
State.  Federal Deposit Insurance Corporation, "Deposit Market
Share Report," released June 30, 2006, *available at*
http://www2.fdic.gov/sod/sodMarketBank2.asp (for Deposits as of
choose "June 30, 2006"; for Report Content "State, by
Institution"; for State choose "New York"; for Sort By choose
"Market Share"); Federal Deposit Insurance Corporation, "Deposit
Market Share Report," released June 30, 2007, *available at*
http://www2.fdic.gov/sod/sodMarketBank2.asp (for Deposits as of
choose "June 30, 2007"; for Report Content "State, by
Institution"; for State choose "New York"; for Sort By choose
"Market Share").

Bank of America Corporation is a banking institution
licensed to do business in New York.  (Compl. ¶ 7.)  Its
corporate headquarters are located in Charlotte, North Carolina.
(*Id.*)  The Bank of America branch office where plaintiff banks

is located in Brooklyn, NY.  (*Id*.)  Plaintiff alleges that defendant Bank of America "routinely restrains accounts that it knows or should know, due to the clear coding of SSA's electronic deposit, contain only SSI benefits that are exempt from collection."  (Compl. ¶ 56.)

*Defendant Mel S. Harris & Associates, LLC*

Defendant Mel S. Harris & Associates ("Defendant Harris") was retained by Sears Roebuck and Company to collect outstanding debt and in such capacity, served a restraining notice on Bank of America requiring it to restrain Ms. Sims's bank account.  (*Id*. ¶ 8.)  Defendant Harris's place of business is located in New York City.  (*Id*.)

*Defendants Honorable Judith S. Kaye and Honorable Jonathan Lippman*

Defendant Kaye, Chief Judge of he State of New York, administers the New York State Unified Court System including the actions of state employees regarding, among other things, enforcement of money judgments pursuant to N.Y. C.P.L.R. § 5222. (Compl. ¶ 9.)  She maintains offices both in New York City and Albany, NY.  (*Id*.)

Defendant Lippman, Chief Administrative Judge of the Courts of the State of New York, administers the New York State Unified Court System including the actions of state employees regarding, among other things, enforcement of money judgments pursuant to

N.Y. C.P.L.R. § 5222.  (Compl. ¶ 10.)  He maintains an office in New York City.  (*Id.*)

New York State's Constitution holds the Chief Judge of the State of New York and the Chief Administrative Judge of the Courts of the State of New York responsible for supervising administration and operation of the New York State Unified Court System.  N.Y. Const. art. VI, §§ 28(b),(C).  These responsibilities include the enforcement of money judgments pursuant to N.Y. C.P.L.R. § 5222.  *See* N.Y. Jud. Law §§ 211, 212(1)(g); (Compl. ¶¶ 35-40.)

*Defendant Diana L. Taylor*[1]

Defendant Taylor, New York State Superintendent of Banks, supervises and regulates "the business of all New York State banking organizations to ensure their safe and sound conduct and to protect the public interest, including the interest of depositors."  (Compl. ¶ 11.)  She maintains an office in New York, NY.  (*Id.*)

The New York State Superintendent of Banks is the head of the New York State Banking Department, and in this capacity supervises and regulates the business of all New York State banking organizations to ensure their safe and sound conduct and to protect the public interest.  N.Y. Banking Law §§ 10, 12(a).

---

[1]  On November 16, 2006, the parties filed a joint Stipulation of Dismissal of Claims against defendant Diana L. Taylor which was "So ordered" on November 20, 2006.

The Superintendent's examination of a bank include an inquiry as to, "whether the requirements of law have been complied with in the administration of its affairs." *See* N.Y. Banking Law § 36(3)(d). This part of the examination includes supervising a banks' enforcement of money judgments. (Compl. ¶¶ 43-44.)

## DISCUSSION

*Jurisdiction*

This Court has jurisdiction over plaintiff's 42 U.S.C. § 1383(d)(1), Due Process Clause, U.S. Const. amend. XIV, and Supremacy Clause, U.S. Const. art. VI, claims pursuant to 28 U.S.C. § 1331. This Court exercises supplemental jurisdiction over plaintiff's state law claim and the Due Process Clause of the New York State Constitution, N.Y. Const. art. I, § 6, pursuant to 28 U.S.C. § 1367.

*Certification of the Settlement Class*

Plaintiff moves for an order certifying the proposed settlement Class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2). The class is described as follows:

> All similarly situated individuals whose bank account(s) at Bank of America, N.A. contain(s) or will contain only electronically deposited legally exempt Supplemental Security Income benefits at the time Bank of America, N.A. restrains or will restrain the individual's account(s) pursuant to N.Y. C.P.L.R. § 5222.[2]

---

[2] For reasons discussed more at length below, including the fact that plaintiff asserts that her claims are "typical" of those of other class members, it is appropriate to add to the definition of the class that the class includes only those members seeking injunctive relief against the defendants.

Federal Rule of Civil Procedure 23(a) sets forth the requirements for class certification:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition to satisfying the requirements of Rule 23(a), for a class action to be maintainable, it must satisfy one of the subsections of Federal Rule of Civil Procedure 23(b). In the present action, the parties jointly request that the class be certified pursuant to Rule 23(b)(2). Rule 23(b)(2) requires that this Court find:

> the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

*Rule 23(a)*

Certification of a class for settlement purposes only is permissible and appropriate, provided the requirements of Rule 23 of the Federal Rules of Civil Procedure are met. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619-21 (1997). The burden for establishing entitlement to class certification is on the party seeking that certification. *In re Med. X-Ray Film Antitrust Litig.*, 1997 WL 33320580, at *2 (E.D.N.Y. 1997). Class

certification should be granted if the court "is satisfied after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *General Telephone Co. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2346, 72 L.Ed.2d 740 (1982). Further, in the Second Circuit "Rule 23 is given liberal rather than restrictive construction, and courts are to adopt a standard of flexibility" in deciding whether to grant certification. *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997) (citing *Sharif ex rel. Salahuddin v. New York State Educ. Dep't*, 127 F.R.D. 84, 87 (S.D.N.Y. 1989)).

*Numerosity*

The proposed class satisfies the numerosity requirement of Rule 23. There is no requirement that the exact number of class members be known for class certification. *In re Med. X-Ray Film Antitrust Litig.*, at *3 (citing *In re Nasdaq Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 509 (S.D.N.Y. 1996)). In this case, the Class consists of all persons whose bank accounts contain or will contain only electronically deposited SSI monies at the time Bank of America restrains the account, and who wish to enjoin defendants from permitting such restraint. While Bank of America has not furnished precise information on the number of bank accounts it has restrained which solely contain exempted SSI

funds, the parties estimate that there are at least hundreds, if
not thousands, of class members.  Plaintiff estimates that there
are approximately 15,241 recipients of SSI benefits receiving
their benefits through electronic deposits at Bank of American in
New York State.  (Mem. Law Supp. Pl.'s Mot. Class Certification,
4.)  Since eligibility for SSI requires some proof of financial
need, it is not unreasonable to conclude that a substantial
number of this group have no source of income other than their
exempt benefits, and that their principal objective is to prevent
defendants from restraining their access to their benefits.  42
U.S.C.A. § 1382.  It is accordingly a fair inference that the
proposed settlement class is sufficiently numerous to make
joinder impracticable.

>    *Commonality and Typicality*

>        *Commonality*

Commonality requires that class members' claims share a
common question of law or fact. *Robinson v. Metro-North Commuter
R.R. Co.*, 267 F.3d 147, 155 (2d Cir. 2001).  Where "injuries
derive from a unitary course of conduct by a single system," a
district court is within its discretion in finding commonality.
*Marisol A.*, 126 F.3d at 377.

Both claims for relief in the complaint here challenge N.Y.

C.P.L.R. § 5222.  The first claim for relief states that N.Y.
C.P.L.R. § 5222 deprives members of the class of their right to
due process of law under both the United States Constitution and
the New York State Constitution and that it "violates and
directly conflicts with the federal statute that creates the
exemptions" by allowing Bank of America to restrain proposed
class members' bank accounts that contain only electronically
deposited, legally exempt SSI funds.  (Mem. Law Supp. Pl.'s Mot.
Class Certification, 2,4.)  The second claim for relief states
that N.Y. C.P.L.R. § 5222 is invalid based on the Supremacy
Clause of the United States Constitution.  (*Id*. at 4.)  The
claims thus share the issue of whether restraining these accounts
pursuant to N.Y. C.P.L.R. § 5222 violates (1) 42 U.S.C. §
1383(d)(1); (2) the Due Process Clause of the Fourteenth
Amendment to the United States Constitution, U.S. Const. amend.
XIV; (3) the Supremacy Clause of the United States Constitution,
U.S. Const. art. VI; and (4) the Due Process Clause of the New
York State Constitution, N.Y. Const. art. I, § 6, in so far as it
requires banks to restrain judgment debtors' bank accounts that
contain only electronically deposited legally exempt SSI
benefits.  (Decl. Supp. of the Stipulation and Order Settling
Class Action Certification Motion, ¶ 7.)

In addition, there are common issues of fact. All members of the class have bank accounts at Bank of America, receive only electronically deposited, legally exempt SSI monies and have or will have money judgments against them that are being or will be enforced by Bank of America pursuant to N.Y. C.P.L.R. § 5222. (*Id*. at 5.) Unless restrained, Bank of America will enforce the judgments by restraining the proposed class members' bank accounts which contain the electronically deposited and legally exempt SSI funds. (*Id*.)

### *Typicality*

"Typicality requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Robinson*, 267 F.3d at 155 (internal citations and quotations omitted). The typicality requirement "has been found to be satisfied when the claims of the representatives and other class members are based on the same legal or remedial theory and there are no antagonistic interests between the two groups." *In re Med. X-Ray Film Antitrust Litig.*, at *3 (internal citations and quotations omitted). "The proper inquiry is whether other members of the

class have the same or similar injury, whether the action is based on conduct not special or unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. at 510. As stated above, Plaintiff Sims states that her electronically deposited SSI funds were legally exempt from attachment. She further states that Defendants Harris and Bank of America restrained those funds without giving the plaintiff notice or informing her that her SSI funds were exempt from attachment. And that as a result of the restraint on her bank account, Ms. Sims could not access any of her SSI monies to pay any bills. (Compl. ¶¶57-81.) As stated above, the class members in all likelihood share this same fact pattern and injuries. (Mem. Law Supp. Pl.'s Mot. Class Certification, 5.) Accordingly, the representative plaintiff's claims arise from the same conduct of the Defendants that gives rise to the claims of the putative class members, and her injuries are similar to those of the putative class members.

*Merger of Commonality and Typicality*

There is however another step necessary to complete the analysis of commonality and typicality. Commonality and typicality requirements tend to merge because "[b]oth serve as

guideposts for determining whether ... the named plaintiff's claim and the class claims are so inter-related that the interests of the class members will be fairly and adequately protected in their absence." *General Telephone Co.,* 457 U.S. 147, n. 13.

Although plaintiff's injuries are similar to those of the putative class members, plaintiff seeks only injunctive relief. If the definition of the class was as broad as originally defined by plaintiff, it would be reasonable to conclude that at least some class members, deprived of his or her sole income, would seek compensatory or punitive monetary damages in addition to injunctive relief. Courts have, in fact, denied class certification where claims for relief would not be common or typical of the proposed class, because lead plaintiffs were not seeking relief of the type which other members of the class might well pursue. *See, e.g., Harris v. Initial Sec., Inc.,* No. 05-CV-3873, 2007 WL 703868 at \*6 (S.D.N.Y. Mar. 7, 2007) (finding that plaintiffs would not adequately represent the class because they were only interested in monetary relief while other purported plaintiffs might be interested in injunctive relief). Accordingly, it is appropriate to limit the definition of the class to those of which plaintiff's claims are typical, namely

class members who would seek only declaratory or injunctive relief.

*Adequacy of Representation*

The final requirement of Rule 23(a) is adequacy of representation. This requirement consists of two elements: (1) the representative plaintiffs' attorneys must be qualified, experienced, and generally able to conduct the litigation, and (2) the plaintiffs' interests must not be antagonistic to those of the remainder of the class. *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992).

Lead Plaintiffs' submission in connection with this motion states, "counsel for named plaintiff and the proposed plaintiff class are experienced in class action litigation in federal and state courts, including matters relating to N.Y. C.P.L.R. § 5222, and will prosecute this action vigorously and competently." (Mem. Law Supp. Pl.'s Mot. Class Certification, 6.) Defendants do not oppose plaintiff's choice of counsel.

Ms. Greengold Stevens, lead counsel, has been the head of the Special Litigation Unit ("SLU") at the New York Legal Assistance Group ("NYLAG") since 2001. http://nylag.org/Jane_%20Greengold_Stevens.htm (last visited Feb. 14, 2008). NYLAG is a non-profit law office founded in 1990 to

provide free civil legal services to New Yorkers who would
otherwise be unable to afford legal assistance.
http://nylag.org/about.html (last visited Feb. 14, 2008).  The
SLU monitors government benefits and services.
http://nylag.org/special_litigation.htm (last visited Feb. 14,
2008).  When problems arise with the delivery of those benefits,
the SLU initiates class action law suits on behalf of the
individuals who experience the problem receiving benefits.  *Id.*
The SLU has filed over 18 class action law suits in New York
federal and state courts.  *Id.*  Ms. Greengold Stevens has
represented indigent clients in civil matters since 1969, and has
specialized in class actions for denial of federal and state
government benefits for over 30 years.
http://nylag.org/Jane_%20Greengold_Stevens.htm (last visited Feb.
14, 2008).  She worked at South Brooklyn Legal Services for 18
years, serving as Director of Litigation, among other roles,
during that time.  *Id.*  Ms. Greengold Stevens and the SLU have
been certified as class counsel in other class action law suits.
*See e.g.,* http://nylag.org/SLUCases.htm (last visited Feb. 14,
2008).  Accordingly, I find the first element of Rule 23(a)(4)
satisfied.

    Plaintiff Sims states that she has an "interest identical to

that of the remainder of the class she seeks to represent - all
seek declaratory and injunctive relief to ensure that their bank
accounts that contain only electronically deposited, legally
exempt SSI benefits will not be restrained pursuant to N.Y.
C.P.L.R. § 5222." (*Id*.)  Since Ms. Sims, as discussed above, is
generally in the same position as putative Class members, sharing
their interests and needing to make the same showings to
establish liability, and since she has demonstrated a willingness
to pursue this suit, I find that the second element of Rule
23(a)(4) is also satisfied.

*Rule 23(b)(2)*

Moving to the requirements of Rule 23(b)(2), I find that
common questions of law and fact predominate over individual
questions.  "The [Rule 23](b)(2) class action is intended for
cases where broad, class-wide injunctive or declaratory relief is
necessary to redress a group-wide injury." *Robinson v. Metro-
North Commuter R.R.*, 267 F.3d 147, 162 (2d Cir. 2001).  Rule
23(b)(2) requires that, "the party opposing the class has acted
or refused to act on grounds generally applicable to the class,"
for which the class is asking for "final injunctive relief or
corresponding declaratory relief...."  Fed. R. Civ. P. 23(b)(2).
In order to satisfy the predominance requirement, the district

court "should, at a minimum, satisfy itself of the following: (1) even in the absence of a possible monetary recovery, reasonable plaintiffs would bring the suit to obtain the injunctive or declaratory relief sought; and (2) the injunctive or declaratory relief sought would be both reasonably necessary and appropriate were the plaintiffs to succeed on the merits." *Parker v. Time Warner Entertainment Co., L.P.*, 331 F.3d 13, 20 (2d Cir. 2003) (*quoting Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 164 (2d Cir. 2001)).

Here, Defendants are alleged to have "acted ... on grounds generally applicable to the class," by restraining, implementing or enforcing such restraint on electronically deposited, legally exempt SSI funds pursuant to N.Y. C.P.L.R. § 5222. The putative class is therefore asking for declaratory relief to declare N.Y. C.P.L.R. § 5222 unconstitutional and for an order enjoining all Defendants from issuing implementing and enforcing restraining notices pursuant to N.Y. C.P.L.R. § 5222 unless or until the statute is changed to ensure that bank accounts containing only electronically deposited legally exempt SSI monies are not restrained. Reasonable plaintiffs would bring this suit for the declaratory and injunctive relief sought. Reasonable plaintiffs would want the restraint on their electronically deposited,

legally exempt SSI funds lifted and would want to ensure that no such restraint could be placed on their electronically deposited, legally exempt SSI funds in the future.  If the putative class succeeded on the merits of this case, N.Y. C.P.L.R. § 5222 would be declared unconstitutional in so far as it requires banks to restrain judgment debtors' bank accounts that contain only electronically deposited legally exempt SSI benefits.  As a result, "the injunctive or declaratory relief sought would be both reasonably necessary and appropriate" to enforce the Court's decision.  *Parker,* 331 F.3d at 20.  Accordingly, I find that the predominance requirement of Rule 23(b)(2) is satisfied.

> *Notice*

In their proposed "Stipulation and Order Settling Class Action Certification Motion," paragraph 6, the parties state that "[p]ursuant to Fed. R. Civ. P. 23(b)(2), no individual notice of the certification of the Class shall be required to be given to members of the Class in the <u>Sims</u> action."  Rule 23(b)(2), unlike other subsections of Rule 23, does not have mandatory notice or opt-out rights.  *In re Visa Check/MasterMoney Antitrust Litigation,* 280 F.3d 124, 147 (2d Cir. 2001).  "[R]ule 23(b)(2) provides for binding litigation on all class members without guarantees of personal notice and the opportunity to opt out of

the suit." *Lemon v. International Union of Operating Engineers,*
*Local No. 139, AFL-CIO,* 216 F.3d 577, 580-82 (7th Cir. 2000).
There is no mandatory notice in Rule 23(b)(2) because,
"plaintiffs seek to redress a common injury properly addressed by
a class-wide injunctive or declaratory remedy," and therefore the
case doesn't hinge on facts particular to any specific member of
the class, "nor require a remedy that differentiates materially
among class members." *Id.* Since the relief Sims seeks would
redress the common injury, the restraint on electronically
deposited, legally exempt SSI funds and by declaring N.Y.
C.P.L.R. § 5222 unconstitutional and enjoining all Defendants
from issuing restraining notices and implementing or enforcing
N.Y. C.P.L.R. § 5222 unless or until it is changed to ensure that
bank accounts containing only electronically deposited legally
exempt SSI monies are not restrained. Accordingly, personal
notice of the instant action is not necessary, so no individual
notice of the certification of the class in this action is
required.

For the foregoing reasons, I certify the proposed settlement
class, subject to the limitation that the class members are those
who would seek only declaratory or injunctive relief.

**CONCLUSION**

For the reasons set forth above, Plaintiff Sims's motion to certify the settlement class is granted subject to the limitation that the class members are those who would seek only declaratory or injunctive relief. I also certify plaintiff's counsel as class counsel. The clerk is directed to transmit a copy of the within to the parties and to the magistrate judge.

SO ORDERED.

Dated : Brooklyn, New York
       February 19, 2008

By: /s/ Charles P. Sifton (electronically signed)
                    United States District Judge